UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| Tianjin Magnesium International Co., Ltd. and Tianjin Magnesium Metal Co., Ltd.<br><br>Plaintiffs,<br><br>v.<br><br>United States. | Court No. 25-00002<br><br>Complaint |

## COMPLAINT

Plaintiffs Tianjin Magnesium International Co., Ltd. and Tianjin Magnesium Metal Co., Ltd. by and through their attorneys, alleges and states the following claims against the defendant United States.

## JURISDICTION

1. This action is brought pursuant to the authority of 19 U.S.C. §1516a(a)(2)(A)(i)(I), 19 U.S.C. §1516a(a)(2)(B)(iii), and 28 U.S.C. §1581(c) to contest the U.S. Department of Commerce (Commerce) 2022–2023 administrative determination of *Pure Magnesium From the People's Republic of China,* 89 *Fed. Reg.* 100967 (December 13, 2024) ("Final Determination") and its accompanying Issues and Decision Memorandum (December 6, 2024) ("IDM"). Commerce issued amended final determination correcting ministerial errors, 90 Fed. Reg. 7078 (January 21, 2025), but such errors are unrelated to the substance of this

complaint.

2. The United States Court of International Trade has exclusive jurisdiction over this action pursuant to 28 U.S.C. §1581(c) because the action is commenced under §516A of the Tariff Act of 1930, 19 U.S.C. §1516a.

## STANDING

3. Plaintiffs Tianjin Magnesium International Co., Ltd. and Tianjin Magnesium Metal Co., Ltd are Corporations organized under the laws of the People's Republic of China. Plaintiffs produced and/or exported Pure Magnesium in the People's Republic of China and exported the same to the United States. All plaintiffs were active participants in the Department of Commerce antidumping administrative review and plaintiff Tianjin Magnesium Metal Co., Ltd was designated as a mandatory respondent.

4. Pursuant to 19 U.S.C. §1516a(2), all plaintiffs are interested parties as defined in 19 U.S.C. §1677(9)(A) as all plaintiffs were parties to the proceeding in connection with which this matter arises.

5. Plaintiffs have standing under 28 U.S.C. §2631(c) to commence this action.

## TIMELINESS OF THIS ACTION

6. Plaintiffs commenced this action by filing a Summons with this Court on January 6, 2025, which was within thirty days after the date of the publication of

the order in the *Federal Register* on December 13, 2024. Plaintiffs are filing this complaint on January 27, 2025, which is within thirty days from the date of the filing of the Summons. In accordance with Rule 6(a) this satisfies the timeliness requirement in accordance with 19 U.S.C. §1516a(a)(2)(A).

## THE ADMINISTRATIVE PROCESS

7. On July 12, 2023 the Department initiated this matter in response to a request for review filed by the U.S. domestic industry on May 26, 2023. See *Initiation of Antidumping and Countervailing Duty Administrative Reviews,* 88 Fed. Reg. 44262 (July 12, 2023).

8. Between August 8, 2023 and April 30, 2024, plaintiffs submitted responses to the Department's questionnaires.

9. On December 18, 2023 the Department published the preliminary results as *Pure Magnesium From the People's Republic of China: Preliminary Results of Antidumping Duty Administrative Review; 2022–2023* 89 Fed. Reg. 48149 (June 5, 2024). Plaintiffs were assigned a rate of 93.97%.

10. On August 27, 2024, plaintiffs as well as the U.S. domestic industry, filed administrative case briefs with the Department of Commerce challenging the preliminary results. On August 29, 2024, pursuant to a request from the Department, plaintiffs resubmitted their case brief.

11. On September 3, 2024 plaintiffs and the domestic industry filed

administrative rebuttal briefs with the Department of Commerce. Plaintiffs, pursuant to a request from the Department, resubmitted the rebuttal brief on September 26, 2024.

12. On December 9, 2024 the Department issued the final results. On December 13, 2024, these results were published in the Federal Register as *Pure Magnesium from the People's Republic of China: Final Results of Antidumping Duty Administrative Review; 2022–2023,* 89 Fed. Reg. 100967 (December 13, 2024). In the final results the Department assigned a rate of 32.60% to plaintiffs.

13. Such rate was modified to 25.26% in amended final results published as *Pure Magnesium from the People's Republic of China: Amended Final Results of Antidumping Duty Administrative Review; 2022–2023* at 990 Fed. Reg. 7079 (January 21, 2025).

## STANDARD OF REVIEW

14. The standard of review of a final determination made by the Department of Commerce in an antidumping duty case is set forth in 19 U.S.C. § 1516a(b)(1)(B)(I) as follows: "The Court shall hold unlawful any determination, finding or conclusion found . . . to be unsupported by substantial evidence on the record, or otherwise not in accordance with law." Therefore, the Court must remand any administrative determination made by the Department, which is unsupported by substantial evidence on the record as a whole or is otherwise not in accordance

4

with law. *Koyo Seiko Co. v. United States*, 796 F. Supp. 1526, 1528, 16 CIT 539 (1992). Decisions of the Commerce Department "must be supported by adequate reasoning *Taian Ziyang Food v. United States*, 33 CIT , Slip Op. 09-67 (June 29, 2009) at 74 and 109; *Jinan Yipin Corp. v. United States*, 33 CIT , Slip Op. 09-70 (July 2, 2009) at 11; *Carpenter Technology, et al. v. United States*, 33 CIT , Slip Op. 09-134 (November 23, 2009) at 13. "Substantial evidence on the record means 'more than a mere scintilla' and 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion,' taking into account the entire record, including whatever fairly detracts from the substantiality of the evidence." *Atlantic Sugar, Ltd. v. United States*, 2 Fed. Cir. 130, 136, 744 F.2d. 1445, 1452 (1984) (footnote omitted).

15. Pursuant to *Loper Bright Enterprises, et al., Petitioners, v. Gina Raimondo, Secretary of Commerce, et al.* 144 S. Ct. 2244 (2024), which struck down the a portion of the concept of *Chevron* deference doctrine, the ultimate deference owed to an agency interpretation is not clear.

16. This Court must hold as unlawful any decision by the Department, which is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, and not supported by substantial evidence on the record.

## CLAIMS

### COUNT ONE

17. The allegations of paragraphs 1 through 16 are incorporated by reference and restated as if fully set forth herein

18. The Department's final determination used a surrogate country as the basis for surrogate values that is not proper.

19. The Department's determination to use Turkey and to reject Bulgaria is not supported by substantial evidence and is otherwise not in accordance with law.

20. The Department's determination that Bulgaria is not a significant producer of subject merchandise is contrary to the evidence of record.

21. The Department's long established practice for determining whether a country is a producer can be proven by its own export data.

22. Both plaintiffs and the U.S. domestic industry placed on record export data demonstrating that Bulgaria had significant exports of subject merchandise during the Period of Review.

23. The Department of Commerce confirmed in its final determination that Bulgaria had significant exports of subject merchandise during the period of review.

24. The determination that Bulgaria is not a significant producer of subject merchandise is contrary to the evidence of record.

25. The Department's rejection of Bulgaria is flawed.

## COUNT TWO

20. The allegations of paragraphs 1 through 16 are incorporated by

reference and restated as if fully set forth herein

25. The Department's determination based on limited data that Turkey was a producer of identical merchandise is not relevant as the Department did not use data from a producer of identical merchandise.

26. The Department's determination was not relevant to the final determination.

## COUNT THREE

27. The allegations of paragraphs 1 through 16 are incorporated by reference and restated as if fully set forth herein

28. Whether Turkey is a producer of subject merchandise is irrelevant to the determination as to whether Bulgaria is a significant producer of subject merchandise.

29. The Department analyzes each potential country as a surrogate country separately, and does not rank countries by data. A determination that Turkey is a producer has no impact on a determination was to whether Bulgaria is a significant producer of subject merchandise.

## COUNT FOUR

30. The allegations of paragraphs 1 through 16 are incorporated by reference and restated as if fully set forth herein.

31. The Department must use consistent methodology from one review to

the next. The use of different out-of-period data, where the in-period data relied upon in prior reviews was present, is not justified. The Department must have a good reason for making a change from prior methodology.

32. The Department's determination to ignore the source of data used in prior reviews is unsupported and is an abuse of discretion.

## COUNT FIVE

33. The allegations of paragraphs 1 through 16 are incorporated by reference and restated as if fully set forth herein.

34. Where the Department has two sources of data – one within the POR and one from outside the POR, it cannot without good cause prefer the out-of-period data over the in-period data.

35. The rejection of data from the POR based on data from prior to the POR is unsupported and an abuse of discretion.

## COUNT SIX

36. The allegations of paragraphs 1 through 16 are incorporated by reference and restated as if fully set forth herein.

37. In evaluating surrogate country and surrogate value selection, the quality of data is important.

38. In this matter, the DOC elected to use the data from Turkey notwithstanding the high rate of inflation of Turkey, abberational prices for key

inputs, price differences based on differences in the nature of goods, and the absence of key data in the financial statements. The data from Bulgaria did not display these flaws.

39. Plaintiff raised these flaws in the data of Turkey and the superiority of the data quality from Bulgaria in its administrative case briefs.

40. The final determination of the Department did not address these arguments, but rather simply used the data of Turkey.

41. The failure to consider and address arguments presented by plaintiff is unlawful and constitutes an abuse of discretion.

## COUNT SEVEN

42. The allegations of paragraphs 1 through 16 are incorporated by reference and restated as if fully set forth herein.

43. In evaluating surrogate country and surrogate value selection, the quality of data is important.

44. In this matter, the DOC elected to use the data from Turkey notwithstanding the high rate of inflation of Turkey, abberational prices for key inputs, price differences based on differences in the nature of goods, and the absence of key data in the financial statements. The data from Bulgaria did not display these flaws.

45. The use of flawed data from one surrogate country over superior data

from another country is arbitrary and capricious and an abuse of discretion.

## PRAYER FOR RELIEF

WHEREFOR, the plaintiffs respectfully request that this Court enter judgment as follows:

1. Sustaining counts one to seven of plaintiffs' complaint;

2. Remanding this matter to the Department of Commerce for issuance of a determination consistent with the decision of this court;

3. Awarding attorney fees and costs; and

4. Providing such other relief as the court may deem just and appropriate.

                                                Respectfully submitted,

                                                /s/ David J. Craven

                                                David J. Craven
                                                Counsel to Tianjin Magnesium
                                                International Co., Ltd. and Tianjin
                                                Magnesium Metal Co., Ltd

                                                Craven Trade Law LLC
                                                3744 N Ashland
                                                Chicago, IL 60613
                                                (773) 709-8506
                                                David.craven@tradelaw.com

Date January 27, 2025