BEFORE HON. TIMOTHY M. REIF, JUDGE
UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| Tianjin Magnesium International Co., Ltd. and Tianjin Magnesium Metal Co., Ltd., <br><br> Plaintiffs, <br><br> v. <br><br> United States. | Court No. 25-00002 |

Motion Pursuant to Rule 59(a) Motion for Reconsideration

Pursuant to Rule 59(a)  of the Rules of the U.S. Court of International Trade, Plaintiffs Tianjin Magnesium International Co., Ltd. and Tianjin Magnesium Metal Co., Ltd respectfully moves for reconsideration of the Court's opinion and order of March 13, 2026.   This motion is timely as it is made within 30 days of the date of the order.

Pursuant to Rule 81 of the Rules of the U.S. Court of International Trade, plaintiffs supply the following:

Table Of Contents

Table of Contents ................................................................................2

I.    Questions Presented .................................................................. 2

II.    Statement of Facts ...................................................................2

III.    Summary of Argument...............................................................3

IV.    Argument.................................................................................3

        a.  The Court Should Not Make Inconsistent Findings of Fact ...........3

V.    Conclusion  .............................................................................4

## *I.    Questions Presented*

a.  Whether the Court should reconsider its opinion and order of March 13, 2026 where the findings in the opinion are inconsistent and contradictory.

## *II.    Statement of Facts*

In this matter before the Court, the following are relevant facts:

- On March 13, 2026 the Court issued its opinion in this matter.  In this opinion the Court made the following findings:

"The court concludes that Commerce erred in concluding that Bulgaria does not produce identical merchandise". (Slip Op. 26-28 at 7)

"And Commerce stated that "because there is [sic] production data on the record which demonstrates that Türkiye and Malaysia were significant producers of identical merchandise, [Commerce] did not need to rely on export data as a proxy for production data." *Id.* As discussed supra, Commerce erroneously failed to recognize that Bulgaria also produced subject merchandise; however, this failure was harmless error."  (Slip Op. 26-28 at 10)

2

"In sum, Commerce was presented with a choice between: (1) Turkish production data for *identical* merchandise some of which was slightly non-contemporaneous; and (2) Bulgarian production data for arguably *comparable* merchandise that was contemporaneous. Commerce's selection of the first option was reasonable given Commerce's longstanding preference for data on identical rather than comparable merchandise." (Slip Op. 26-28 at 14)

### III.   *Argument*

#### a.  *The Court Should Not Make Inconsistent Findings of Fact*

A court opinion should be internally consistent and should not make contradictory findings.   Yet in this case, the Court found that Bulgaria produced identical merchandise. (Slip Op. 26-28 at 7 and 10).  In applying these findings, the Court found that the Department's actions were proper because Bulgaria's data was of comparable, not identical merchandise and thus, based on long standing Commerce practice, the Turkish data was preferred because it was identical merchandise.  (Slip Op. 26-28 at 14).   This was a primary basis for the finding upholding the use of Turkey, not Bulgaria, but such basis was contrary to the Court's finding of facts.

This is important as the Department is not to weigh the relative data once a finding of identical is found.  In other words, once more than one potential surrogate countries produce identical merchandise, it is Commerce's policy and long standing practice to compare the quality of surrogate data for production inputs and financial statements (i.,e, data quality) to determine the primary surrogate countrycountry rather than to further rank the countries based on which country is producing more identical merchandise

Accordingly, the Court should reconsider its opinion and re-analyze its determination in light of the fact that Commerce's preference was inapplicable as both Bulgaria and Turkey produced identical merchandise and the key is the

3

underlying quality of the data.  As established in plaintiff's 56.2 memo, the Bulgaria data is superior, and thus Bulgaria should be selected.

### IV.    *Conclusion*

Based on the foregoing, plaintiffs respectfully moves for reconsideration of the Court's opinion of March 13, 2026 and to issue a replacement opinion with an analysis reflecting the Court's finding of facts.

A proposed order is enclosed.

Respectfully submitted,

/s/ David J. Craven

David J. Craven
Counsel to Tianjin Magnesium
International Co., Ltd. and Tianjin
Magnesium Metal Co., Ltd

Craven Trade Law LLC
3744 N Ashland
Chicago, IL 60613
(773) 709-8506
David.craven@tradelaw.com

Date April 11, 2026