UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:  THE HONORABLE TIMOTHY M. REIF, JUDGE

| | |
|---|---|
| TIANJIN MAGNESIUM INTERNATIONAL CO., LTD., *et al.*,<br><br>        Plaintiffs,<br><br>    v.<br><br>UNITED STATES,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)   Court No. 25-00002<br>)<br>)<br>)<br>)<br>) |

## **ORDER**

Upon consideration of plaintiffs' Motion for Reconsideration, defendant's response, and all other pertinent papers, it is hereby

ORDERED that plaintiffs' motion is DENIED.


Dated: _____, 2026          _____
        New York, New York                              Judge

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:  THE HONORABLE TIMOTHY M. REIF, JUDGE

|  |  |  |
|---|---|---|
| TIANJIN MAGNESIUM INTERNATIONAL CO., LTD., *et al.*, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Court No. 25-00002 |
| UNITED STATES, | ) ) ) | |
| Defendant. | ) ) ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR RECONSIDERATION**

Defendant, the United States, respectfully submits this response to the motion filed by plaintiffs, Tianjin Magnesium International Co., Ltd. and Tianjin Magnesium Metal Co., Ltd. (collectively, Tianjin Magnesium), seeking reconsideration of the Court's opinion and order, which partially sustained and partially remanded the Department of Commerce's (Commerce) final results in an administrative review of the antidumping order covering pure magnesium from China.  *See* March 13, 2026 Remand Order, ECF No. 28; Pls. Mot., ECF No. 29.  Because Tianjin Magnesium cannot demonstrate entitlement to reconsideration of the remand order, the Court should deny the motion.

**BACKGROUND**

In its final results, Commerce selected Türkiye as the primary surrogate country for China.  Remand Order at 3.  Tianjin Magnesium challenged Commerce's selection of Türkiye before this Court, arguing that Commerce should have instead selected Bulgaria as the primary surrogate country.  *Id.* at 2.  The Court sustained Commerce's selection of Türkiye as the primary surrogate country, holding that Commerce's explanation of its choice was adequate and

concluding that, while Commerce erred in concluding that Bulgaria did not produce identical merchandise, such error was harmless. *Id.* at 6-8. The Court held that Commerce's selection of Turkish production data, which covers identical merchandise but is slightly non-contemporaneous, over Bulgarian production data, which only covers arguably comparable merchandise but is contemporaneous, was reasonable and supported by substantial evidence. *Id.* at 14.

**ARGUMENT**

**I.     Standard of Review**

Pursuant to Rule 59(a)(1)(B) of the Rules of this Court, the Court may "grant a new trial or rehearing on all or some of the issues – and to any party . . . after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court." USCIT R. 59(a)(1)(B). The grant or denial of a motion for rehearing and modification pursuant to Rule 59(a) lies within the sound discretion of the Court. *USEC, Inc. v. United States*, 138 F. Supp. 2d 1335, 133-37 (Ct. Int'l Trade 2001). Importantly, "a motion for reconsideration will not be granted merely to give a losing party another chance to re-litigate the case or present arguments it previously raised." *America Nat. Fire Ins. Co. v. United States*, 30 CIT 1426, 1427 (2006); *see also USEC, Inc.*, 138 F. Supp. 2d at 1337. Rather, the Court's previous decision will not be disturbed unless it is "manifestly erroneous." *USEC, Inc.*, 138 F. Supp. 2d at 1337.

Circumstances where a court's decision has been found to be manifestly erroneous include: "'1) an error or irregularity, 2) a serious evidentiary flaw, 3) the discovery of new evidence which even a diligent party could not have discovered in time, or 4) an accident, unpredictable surprise or unavoidable mistake which impaired a party's ability to adequately present its case.'" *Home Meridian Int'l, Inc. v. United States*, 925 F. Supp. 2d 1377, 1380 (Ct.

Int'l Trade 2013) (quoting *Target Stores v. United States*, 471 F. Supp. 2d 1344, 1347 (Ct. Int'l Trade 2007)); *see also Papierfabrik August Koehler SE v. United States*, 931 F. Supp. 2d 1319, 1321 (Ct. Int'l Trade 2013) (describing limited grounds for granting a motion for reconsideration); *USEC, Inc.*, 138 F. Supp. 2d at 1337 (same).

Pursuant to Rule 54(b), the Court may reconsider a non-final judgment "as justice requires." *Keystone Automotive Ops., Inc. v. United States*, 781 F. Supp. 3d 1362, 1366 (Ct. Int'l Trade 2025) (cleaned up). Grounds for reconsideration under Rule 54(b) include an intervening change in controlling law, the availability of new evidence, the need to correct a clear factual or legal error, the need to prevent manifest injustice, or whether the Court patently misunderstood the parties. *Id.* As with Rule 59(a), a motion for reconsideration under Rule 54(b) is not an opportunity for a party to re-litigate the case or present arguments previously raised. *NEXTEEL Co., Ltd. v. United States*, 389 F. Supp. 3d 1343, 1348 (Ct. Int'l Trade 2019).

## II.    Tianjin Magnesium Fails to Meet The High Bar for Reconsideration

As an initial matter, because Tianjin Magnesium seeks reconsideration of a non-final judgment, it should have sought reconsideration pursuant to Rule 54(b) rather than Rule 59(a). *See, e.g., Keystone Automotive*, 781 F. Supp. 3d at 1366 ("Rule 54(b) is appropriate because active issues still exist in this action and no final judgment has yet been issued."); *NEXTEEL*, 389 F. Supp. 3d at 1347-48 (holding that "Rule 59 is not the proper avenue for bringing a motion for reconsideration" of a remand order and considering the motions for reconsiderations under Rule 54(b)).

In any event, Tianjin Magnesium's motion for reconsideration fails under either Rule. Tianjin Magnesium argues that "the Court should reconsider its opinion and order" because its findings "are inconsistent and contradictory." Pls. Mot. at 2. Specifically, Tianjin Magnesium

appears to take issue with the Court finding that "Bulgaria produced identical merchandise," but also holding that Commerce's selection of Türkiye was reasonable because the Turkish production data covers identical merchandise—some of which is slightly non-contemporaneous—while the Bulgarian production data covers arguably comparable merchandise that is contemporaneous. *Id.* at 3 (citing Remand Order at 7, 14). But Tianjin Magnesium cannot demonstrate any error in the Court's reasoning, and the assertion that the Court contradicted itself has no support in the Court's opinion or the record. Nor can Tianjin Magnesium show that the Court previously patently misunderstood the parties or that manifest injustice would occur without reconsideration.

Presumably, Tianjin Magnesium does not disagree with the Court's conclusion that "Commerce erred in concluding that Bulgaria does not produce identical merchandise." Remand Order at 7. Rather, Tianjin Magnesium appears to take issue with the Court's conclusion that the Bulgarian data covers only "arguably comparable merchandise," contending that this statement is inconsistent with the Court's finding that Bulgaria produces identical merchandise. Pls. Mot at 3; Remand Order at 8, 14. No such inconsistency exists.

As the Court observed in its opinion, the production data on the record demonstrates that Türkiye produced approximately 13,000 metric tons of identical merchandise within or just outside the period of review.[1] Remand Order at 13 (citing USGS Data, Petitioner Comments on Surrogate Country Selection at Att. 2 Tbl. 8 (P.R. 31)). The only in-period Bulgarian production data, on the other hand, shows that a Bulgarian aluminum company claims to "'have a total

---

[1]  As the Court noted, while the table for the production data is dated December 31, 2021, it purports to include data through November 16, 2022, indicating that some of the data is from the period of review. Remand Order at 13 (citing USGS Data, Petitioner Comments on Surrogate Country Selection at Att. 2, Tbl. 8).

capacity of 100 thousand tons per year' for the production of 'flat-rolled and extruded aluminum products,' which are not covered by the scope of the order." Remand Order at 13-14 (citing TMMC Surrogate Value Cmts. at Ex. SV-1 (P.R. 34); IDM at 2-3); *see also* IDM at 10-11 (observing that the "Bulgarian financial statements that {Tianjin Magnesium} prefers is for a company with no smelting capacity and that did not engage in the production of primary aluminum; in fact, the company purchases aluminum to make downstream products") (citing TMMC Surrogate Value Cmts. At 6-7, Ex. SV-13 (P.R. 34, 42)).  Tianjin Magnesium does not contest that flat-rolled and extruded aluminum products are not identical merchandise, or even comparable merchandise.  The Court thus correctly found that "Commerce's selection of the {Turkish production data} was reasonable given Commerce's longstanding preference for data on identical rather than comparable merchandise," and its observation that the Turkish production data covers identical merchandise while the Bulgarian production data covers merchandise that is only arguably comparable is grounded in the record.  Remand Order at 14.

That the Court also found Commerce's determination that Bulgaria does not produce identical merchandise erroneous does not contradict or otherwise detract from this conclusion. As the Court acknowledged, certain Global Trade Atlas (GTA) export data lists Bulgaria as "exporting only 1,499 tons of identical merchandise{.}" Remand Order at 13.  But *export* data is not *production* data, and the Court's statement that the Bulgarian data only covers comparable merchandise was cabined to *production* data.  Moreover, the Court explicitly stated in the same paragraph that, "although Türkiye and Bulgaria exported identical and comparable merchandise during the {period of review}, these exports occurred at vastly different volumes."  This recognition of Bulgaria's exports of identical merchandise and distinction between export data

5

and production data belies Tianjin Magnesium's claims that the Court made inconsistent and contradictory findings.

There is simply no support—in either the Court's opinion or the record—for Tianjin Magnesium's argument that the Court's conclusion ran contrary to its earlier findings. Because Tianjin Magnesium fails to show that the Court erred at all—let alone manifestly so—in sustaining Commerce's selection of Türkiye as the primary surrogate country, the motion for reconsideration should be denied. *See USEC, Inc.*, 138 F. Supp. 2d at 1337 (denying plaintiff's motion for reconsideration because it "has not persuaded the court that any of the established grounds for reconsideration of its decision are present in this case."); *NEXTEEL*, 389 F. Supp. 3d at 1348-49 (declining to reconsider remand order because movant declined to demonstrate manifest error in the Court's reasoning).

## CONCLUSION

For these reasons, we respectfully request that the Court deny Tianjin's motion for reconsideration.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

FRANKLIN E. WHITE, JR.
Assistant Director

Of Counsel:

PAUL THORNTON
Attorney
Office of the Chief Counsel

/s/Sosun Bae
SOSUN BAE
Senior Trial Counsel
Commercial Litigation Branch
Department of Justice
P.O. Box 480, Ben Franklin Station

6

 for Trade Enforcement & Compliance                Washington, DC 20044
Department of Commerce                             Tel:  (202) 305-7568
                                                   Email: Sosun.Bae@usdoj.gov


May 18, 2026                                        *Attorneys for Defendant*